IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE No: 5:20-cv-192

| | |
|---|---|
| C.G.A., by and through his parent and guardian, R.A., and R.A., individually<br><br>*Plaintiffs*,<br><br>v.<br><br>IREDELL-STATESVILLE SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*<br><br>*Defendants*. | **DEFENDANT ROBIN JOHNSON'S MOTION TO DISMISS** |

Robin Johnson moves this Court to dismiss the allegations against her under Rule 12(b)(6) of the Federal Rules of Civil Procedure and to dismiss the remaining state law claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1. No plaintiff is a proper party to bring this action, pursuant to F. R. Civ. P. 17.

2. R.A. alleges no cognizable claim against Robin Johnson, and G.A. is alleged to be a minor incapable of bringing an action under applicable law, and there has been no party appointed to bring this action under F.R. Civ. P. 17.

3. Plaintiffs fail to allege facts which would subject Robin Johnson to liability under federal law or the United States Constitution.

4. Plaintiffs fail to allege in a nonconclusory manner how Robin Johnson's conduct caused the harm alleged to have occurred to G.A.

1

5. Robin Johnson moves this Court to dismiss the state law claims against Robin Johnson pursuant to 42 USC 1367 and F. R. Civ. P 12(b)(1).

6. Plaintiffs' allegations against Robin Johnson are barred by all applicable statutes of limitation to the extent they are alleged to have occurred before February 2nd, 2021.

Pursuant to Local Rule a brief in support of this Motion is filed contemporaneously.

WHEREFORE, Robin Johnson respectfully moves the Court:

1. Dismiss the claims against her with prejudice.

2. Grant Robin Johnson such other and further relief as the Court deems just and proper.

Respectfully submitted this the 5th day of April, 2021

/s/Stuart L. Brooks
Stuart L. Brooks
*Counsel for Robin Johnson*
FREEDMAN THOMPSON WITT CEBERIO & BYRD, PLLC
860 W. Fifth Street
Winston Salem NC 27101
336-725-1304
sbrooks@ftwcb.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will serve the following users:

Stacey M. Gahagan
GAHAGAN PARADIS, PLLC
3326 Durham Chapel Hill Blvd.
Suite 210-C
Durham, NC 27707
Email: sgahagan@ncgplaw.com
Attorney for Plaintiffs

Lindsay V. Smith
THARRINGTON SMITH, LLP
150 Fayetteville St.
Suite 1800
Raleigh, NC 27601
Email: lsmith@tharringtonsmith.com
Attorney for Defendant Iredell-Statesville
Schools Board of Education

Sarah M. Saint
Gary S. Parsons
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD LLP
Suite 2000 Renaissance Plaza
230 North Elm Street
P.O. Box 26000
Greensboro, NC 27401
ssaint@brookspierce.com
Attorneys for Defendant Brady Johnson

Virginia M. Wooten
CRANFILL SUMNER LLP
2907 Providence Rd., #300
Charlotte, NC 28211
vwooten@cshlaw.com
Attorney for Defendants Alisha Cloer,
Andrew Mehall, Ronda McClenahan,
and Alvera Lesane

This the 5th day of April, 2021.

/s/Stuart L. Brooks
Stuart L. Brooks
*Counsel for Robin Johnson*
FREEDMAN THOMPSON WITT CEBERIO & BYRD, PLLC
860 W. Fifth Street
Winston Salem NC 27101
336-725-1304
sbrooks@ftwcb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE No: 5:20-cv-192

| | |
|---|---|
| C.G.A., by and through his parent and guardian, R.A., and R.A., individually<br><br>*Plaintiffs*,<br><br>v.<br><br>IREDELL-STATESVILLE SCHOOL DISTRICT BOARD OF EDUCATION, et al.<br><br>*Defendants*. | DEFENDANT ROBIN JOHNSON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

## STATEMENT OF CASE

Plaintiffs on February 2nd 2021 filed the instant amended complaint to name additionally among others Robin Johnson in her individual capacity. (Doc. 3). Robin Johnson is sued under 42 U.S.C. § 1983 as well as a variety of state law causes action. Specifically Plaintiffs bring claims against Robin Johnson individually in:

1. Count III: Violation of the Fourteenth Amendment, Substantive Due Process, and 42 U.S.C. § 1983;

2. Count VII: Negligence;

3. Count VIII: Negligent Infliction of Emotional Distress;

4. Count IX: False Imprisonment

1

For the reasons stated, Robin Johnson moves this Court to dismiss the federal claim against her under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) and to refrain from exercising supplemental jurisdiction over the state law claims against her.

## STATEMENT OF FACTS AS ALLEGED AGAINST ROBIN JOHNSON

Plaintiffs bring an array of allegations resulting from Robin Johnson's time as G.A.'s teacher throughout elementary school. (Am. Complaint *passim*.) Plaintiffs contend Robin Johnson engaged in malfeasance towards G.A. including by putting him into a trashcan, covering his mouth so he could not breath, and pouring juice from microwaved collard greens on G.A.'s head. (*E.g. Id.* At ¶ 198).

Specifically, Plaintiffs contend Robin Johnson, physically, verbally, and emotionally abused G.A. throughout first and second grades. (*Id.* at ¶¶ 57-90.). Plaintiffs allege Robin Johnson was charged criminally in state court in Iredell County North Carolina where Robin Johnson pled guilty and entered a plea agreement on March 3, 2020 under which prosecution was deferred until September 21, 2021. (*Id.* at ¶ 16). Plaintiffs do not elaborate on the factual basis for Robin Johnson's guilty plea or the nature of the criminal pleading against Robin Johnson in state court. (*Id.*).

Plaintiffs complain Robin Johnson caused G.A. to exhibit increased maladaptive behaviors, but plaintiffs fail entirely to plead in a non-conclusory manner or with any particularity a causal connection between Robin Johnson's conduct and G.A.'s "increased maladaptive behaviors." (*E.g.* ¶ 201.).

2

## Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

## ARGUMENT

### 1. Plaintiffs do not have proper claims against Robin Johnson

The amended complaint fails to allege Robin Johnson has harmed R.A. in a legally cognizable way. Therefore R.A. lacks standing to bring this action in federal court and the claims brought by R.A. against Robin Johnson are subject to dismissal.

The amended complaint also fails to allege G.A. is a proper party under Rule 17 of the Federal Rules of Civil Procedure.. G.A. is alleged to be a minor, (Am. Complaint at ¶ 31), and therefore lacks capacity to bring this lawsuit, and G.A.'s claims must be brought by the proper party in interest. Fed. R. Civ. P. 17.

### 2. Plaintiffs fail to allege Robin Johnson violated Federal law.

3

Plaintiffs fail to state a claim against Robin Johnson for violation of its substantive due process rights under the Fourteenth Amendment under 42 U.S.C. §1983.

[T]he residual protections of "substantive due process" in this (or any) context run only to state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies…[i]n this circuit, as generally, the test where physical injury is the basis of claim, is that the state actor's conduct must "amount to a brutal and inhumane abuse of official power literally shocking to the conscience." *Rucker v. Harford Cty., Md.*, 946 F.2d 278, 281 (4th Cir. 1991) (quotations and citations omitted). "not every state law tort becomes a federally cognizable 'constitutional tort' under § 1983 simply because it is committed by a state official," *Brown ex rel. Brown v. Ramsey*, 121 F. Supp. 2d 911, 917 (E.D. Va. 2000), *aff'd sub nom. Brown v. Ramsey*, 10 F. App'x 131 (4th Cir. 2001).

### A. Plaintiffs have failed to plead sufficient bodily injury

The applicable standard is (1) an application of force; (2) causing severe injury; (3) the force applied was disproportionate to the need presented; and (4) the force applied was so inspired by malice or sadism or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience. *Brown ex rel. Brown v. Ramsey*, 121 F. Supp. 2d 911, 918 (E.D. Va. 2000), *aff'd sub*

4

*nom. Brown v. Ramsey,* 10 F. App'x 131 (4th Cir. 2001); *Hall v. Tawney,* 621 F.2d 607 (4th Cir.1980).

The caselaw that has developed under the *Hall* and its progeny is very helpful in fleshing out the parameters of public school students' substantive due process right not to be subjected to excessive corporal punishment. *Brown,* 121 F. Supp. at 918. Under *Hall,* a properly plead substantive due process claim requires a plaintiff to plead and suffer severe physical injury. *See, e.g., Lillard v. Shelby County Board of Education, 76 F.3d 716 (6th Cir.1996) (*A single slap, even if given for no legitimate purpose, was not a constitutional violation); *Abeyta v. Chama Valley Independent School District,* 77 F.3d 1253, 1258 (10th Cir.1996) (calling a child a prostitute while perhaps reprehensible was not actionable under §1983); *Kurilla v. Callahan,* 68 F. Supp. 2d 556, 564 (M.D. Pa. 1999) (anxiety and bruising caused by a punch not constitutionally actionable); *Jones v. Witinski,* 931 F. Supp. 364, 368 (M.D. Pa. 1996) (psychological trauma not constitutionally actionable).

Here, Plaintiffs failed to allege severe physical injury, or that the force applied was inspired by malice or sadism or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience, as required under *Hall* and applicable precedent.

Indeed, *Brown* held claims were insufficient for want of severe physical injury, even though, like in this case plaintiff alleged that he either currently suffers or has suffered from Post–Traumatic Stress Disorder. *Brown ex rel. Brown,* 121 F. Supp. At 923.

5

Plaintiffs similarly fail to plead the force Robin Johnson allegedly used was disproportionate to the need presented, or that it was so brutal and inhumane as to rise to the level of shocking the conscience. *Brown,* 121 F. Supp. At 918.

### B. Plaintiffs fail to plead Robin Johnson deprived anyone of a fundamental right under federal law.

Plaintiffs' claim that G.A.'s right to education fails because there is not fundamental right to a public education. *Plyler v. Doe,* 457 U.S. 202, 221, 102 S. Ct. 2382, 2396, 72 L. Ed. 2d 786 (1982) Therefore, to the extent plaintiffs allege G.A.'s right to substantive due process was infringed, it should be dismissed.

## 3. If the federal claims are dismissed, this Court should dismiss the remaining state law claims under 28 U.S.C. §1367.

This court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir. 1995) (quotations and citations omitted).

Thus, this Court has discretion whether to exercise supplemental jurisdiction over state law claims in the event the federal claims against Robin Johnson are

6

dismissed.. *See, e.g., Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1230 (10th Cir. 2015) (Because we conclude the district court correctly dismissed [plaintiffs' federal claims] it did not abuse its discretion in declining supplemental jurisdiction over the state-law claims).

### 4. Plaintiffs claims are subject to statutes of limitation.

Plaintiffs named Robin Johnson as a defendant in their amended complaint on 2 February, 2021. (Doc. 3). The amended complaint fails to specify whether some or all of Robin Johnson alleged wrongful acts occurred, and any claims that arose prior to February 2nd 2021 are subject to dismissal on statute of limitations grounds.

## CONCLUSION

Plaintiffs' claims should be dismissed.

Respectfully submitted this the 5th day of April, 2021

/s/Stuart L. Brooks
Stuart L. Brooks
*Counsel for Robin Johnson*
FREEDMAN THOMPSON WITT CEBERIO & BYRD, PLLC
860 W. Fifth Street
Winston Salem NC 27101
336-725-1304
sbrooks@ftwcb.com

7

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will serve the following users:

Stacey M. Gahagan
GAHAGAN PARADIS, PLLC
3326 Durham Chapel Hill Blvd.
Suite 210-C
Durham, NC 27707
Email: sgahagan@ncgplaw.com
Attorney for Plaintiffs

Lindsay V. Smith
THARRINGTON SMITH, LLP
150 Fayetteville St.
Suite 1800
Raleigh, NC 27601
Email: lsmith@tharringtonsmith.com
Attorney for Defendant Iredell-Statesville
Schools Board of Education

Sarah M. Saint
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD LLP
Gary S. Parsons
Suite 2000 Renaissance Plaza
230 North Elm Street
P.O. Box 26000
Greensboro, NC 27401
ssaint@brookspierce.com
Attorneys for Defendant Brady Johnson

Virginia M. Wooten
CRANFILL SUMNER LLP
2907 Providence Rd., #300
Charlotte, NC 28211
vwooten@cshlaw.com
Attorney for Defendants Alisha Cloer,
Andrew Mehall, Ronda McClenahan,
and Alvera Lesane

This the 5th day of April, 2021.

/s/Stuart L. Brooks
Stuart L. Brooks
*Counsel for Robin Johnson*
FREEDMAN THOMPSON WITT CEBERIO & BYRD, PLLC
860 W. Fifth Street
Winston Salem NC 27101
336-725-1304
sbrooks@ftwcb.com