**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Case No: 5:20-cv-192**

| | | |
|---|---|---|
| C.G.A ("G.A."), by and through his Parent and guardian, R.A., and R.A. Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| IREDELL-STATESVILLE SCHOOL DISTRICT BOARD OF EDUCATION; BRADY JOHNSON, Former Superintendent of Iredell-Statesville Schools, in his individual capacity; ALVERA LESANE, Former Associate Superintendent of Iredell-Statesville District School, in her individual capacity; RHONDA MCCLENAHAN, Current Executive Director of Exceptional Children of Iredell-Statesville District School, in her individual capacity; ALISHA CLOER, Former Principal of Cloverleaf Elementary School, in her individual capacity; ANDREW MEHALL, Current Principal of Cloverleaf Elementary School, in his individual capacity; ROBIN L. JOHNSON, Former Cloverleaf Elementary School and Third Creek Middle School Teacher, in her Individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **IREDELL-STATESVILLE SCHOOLS BOARD OF EDUCATION'S ANSWER TO AMENDED COMPLAINT** |
| Defendants. | ) ) | |

Defendant Iredell-Statesville Schools Board of Education ("the Board"), by and through

its attorney, hereby answers Plaintiffs' Amended Complaint in this matter as follows:

## FIRST DEFENSE

The Board, answering the individually numbered paragraphs of Plaintiffs' complaint

responds as follows:

## SUMMARY

1. It is admitted that G.A. is a student with Autism Spectrum-Disorder. Except as otherwise admitted, the allegations of paragraph 1 are denied.

2. Denied.

3. Denied.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 4 are denied.

5. Denied.

6. Denied.

7. It is admitted that G.A. was assigned to Defendant Robin Johnson's classroom for second grade. Except as otherwise admitted, the allegations of paragraph 7 are denied.

8. Denied.

9. The Board is without sufficient information to admit or deny the allegations of paragraph 9. To the extent a response is required, the allegations of paragraph 9 are denied.

10. Denied.

11. It is admitted that G.A.'s self-contained classroom was relocated to another school at the beginning of G.A.'s third grade year. It is also admitted that Ms. Johnson continued to teach a class of preschool students at Cloverleaf Elementary School. Except as otherwise admitted, the allegations of paragraph 11 are denied.

12. The Board is without sufficient information to admit or deny the allegations of paragraph 12. To the extent a response is required, the allegations of paragraph 12 are denied.

13. It is admitted that a therapist with Children's Hope Alliance, who was working with students at the Pressly School, made a report to local law enforcement regarding Defendant Robin

2

Johnson's conduct with the students. Except as otherwise admitted, the allegations of paragraph 13 are denied.

14. It is admitted, upon information and belief, that Defendant R. Johnson was arrested. It is also admitted that, following her arrest, the Board suspended Defendant R. Johnson with pay. Except as otherwise admitted, the allegations of paragraph 14 are denied.

15. The Board is without sufficient information to admit or deny the allegations of paragraph 15. To the extent a response is required, the allegations of paragraph 15 are denied.

16. Admitted, upon information and belief.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. The Board is without sufficient information to admit or deny the allegations of paragraph 21. To the extent a response is required, the allegations of paragraph 21 are denied.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 22 are denied.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 23 are denied.

24. Denied.

## JURISDICTION AND VENUE

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 25 are denied.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 26 are denied.

27.    Paragraph 27 contains Plaintiffs' construction of the allegations in their Amended Complaint and, as such, no response is required.  To the extent a response is required, the allegations of paragraph 27 are denied.

28.    Paragraph 28 contains Plaintiffs' construction of the allegations in their Amended Complaint and, as such, no response is required.  To the extent a response is required, the allegations of paragraph 28 are denied.

29.    Paragraph 29 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 29 are denied.

30.    Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 30 are denied.

<u>PARTIES TO THE COMPLAINT</u>

31.    Admitted, upon information and belief.

32.    Admitted, upon information and belief.

33.    The Board is without sufficient information to admit or deny the allegations of paragraph 33.  To the extent a response is required, the allegations of paragraph 33 are denied.

34.    It is admitted that the Board is a body corporate under N.C. Gen. Stat. § 115C-40, with powers and duties set out in the North Carolina General Statutes, and is charged with general control and supervision of the public schools in Iredell County, North Carolina.  To the extent paragraph 34 states legal conclusions, no response is required.  Except as otherwise admitted, the allegations of paragraph 34 are denied.

4

35.     It is admitted that Defendant Brady Johnson retired from his position as Superintendent of the Iredell-Statesville Schools on June 30, 2020.  The remainder of paragraph 35 states legal conclusions to which no response is required.  Except as otherwise admitted, the allegations of paragraph 35 are denied.

36.     It is admitted that Alvera Lesane was employed as the Associate Superintendent for Human Resources for the Iredell-Statesville Schools from 2010 until January 1, 2021.  The remainder of paragraph 36 states legal conclusions to which no response is required.  Except as otherwise admitted, the allegations of paragraph 36 are denied.

37.     It is admitted that Defendant Rhonda McClenahan the Executive Director of Exceptional Children for the Iredell Statesville Schools during the time period alleged in the Amended Complaint.  The remainder of paragraph 37 states legal conclusions to which no response is required.  Except as otherwise admitted, the allegations of paragraph 37 are denied.

38.     It is admitted that Defendant Alicia Cloer was the Principal of Cloverleaf Elementary School from 2012 to June 2018.  The remainder of paragraph 38 states legal conclusions to which no response is required.  Except as otherwise admitted, the allegations of paragraph 38 are denied.

39.     It is admitted that Defendant Andy Mehall became the Principal of Cloverleaf Elementary School at the beginning of the 2018-2019 school year.  The remainder of paragraph 39 states legal conclusions to which no response is required.  Except as otherwise admitted, the allegations of paragraph 39 are denied.

40.     It is admitted that Defendant Robin Johnson was a teacher for the Iredell-Statesville Schools.  Except as otherwise expressly admitted, the allegations of paragraph 40 are denied, including any allegations of abuse towards G.A. by the Board or its employees.

5

41.     Paragraph 41 contains Plaintiffs' definition of terms in the Amended Complaint and as such no response is required.  To the extent a response is required, the allegations of Paragraph 41 are denied.

42.     Paragraph 42 contains Plaintiffs' definition of terms in the Amended Complaint and as such no response is required.  To the extent a response is required, the allegations of Paragraph 42 are denied.

## WAIVER OF GOVERNMENTAL IMMUNITY

43.     Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 43 are denied.

44.     Paragraph 44 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 44 are denied.

45.     It is admitted that the Board has entered into a contract with the North Carolina School Boards Trust.  Except as otherwise admitted, the allegations of paragraph 45 are denied.

46.     Paragraph 46 contains Plaintiffs' description of their allegations and as such, no response is required.  To the extent a response is required, the allegations of paragraph 46 are denied.

47.     Paragraph 47 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 47 are denied.

48.     Paragraph 48 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 48 are denied.

## DEFENDANTS DO NOT HAVE IMMUNITY

49.     Paragraph 49 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 49 are denied.

50.     Paragraph 50 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 50 are denied.

51.     Paragraph 51 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 51 are denied.

52.     Paragraph 52 purports to construe the contents of Board Policy 4240/7312, which is a written document and is the best evidence of its contents.  To the extent a response is required, the allegations of paragraph 52 are denied.

53.     Paragraph 53 purports to construe the contents of Board Policy 4040, which is a written document and is the best evidence of its contents.  To the extent a response is required, the allegations of paragraph 53 are denied.

54.     Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 54 are denied.

55.     Paragraph 55 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 55 are denied.

56.     Paragraph 56 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 56 are denied.

<u>FACTUAL ALLEGATIONS</u>

2017-2018 School Year
First Grade

57.     It is admitted that G.A. attended first grade at Cloverleaf Elementary School.

58.     It is admitted that Defendant R. Johnson was G.A.'s teacher for his first-grade year and that G.A.'s classroom was a separate special education classroom.  Except as otherwise admitted, the allegations of paragraph 58 are denied.

59.     Denied.

7

60. Denied.

61. The Board is without sufficient information to admit or deny the allegations of paragraph 61. To the extent a response is required, the allegations of paragraph 61 are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Paragraph 67 states legal conclusions, and no response is required. To the extent a response is required, these and any other allegations of paragraph 67 are expressly denied.

68. Denied.

69. Paragraph 69 states legal conclusions, and no response is required. To the extent a response is required, these and any other allegations of paragraph 69 are expressly denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted.

74. Admitted.

2018-2019 School Year<br>Second Grade

75. It is admitted that G.A. remained in Defendant Robin Johnson's special education classroom at Cloverleaf Elementary School during his second-grade year. Except as otherwise expressly admitted, the allegations of paragraph 75 are denied.

76. Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     The Board is without sufficient information to admit or deny the allegations of paragraph 82. To the extent a response is required, the allegations of paragraph 82 are denied.

83.     Paragraph 83 contains conclusions of law, and no response is required. To the extent a response is required, these allegations and any other allegations in paragraph 83 are denied.

84.     The Board is without sufficient information to admit or deny the allegations of paragraph 84. To the extent a response is required, the allegations of paragraph 84 are denied.

85.     The Board is without sufficient information to admit or deny the allegations of paragraph 85. To the extent a response is required, the allegations of paragraph 85 are denied.

86.     Denied.

87.     Denied.

88.     The Board is without sufficient information to admit or deny the allegations of paragraph 88. To the extent a response is required, the allegations of paragraph 88 are denied.

89.     The Board is without sufficient information to admit or deny the allegations of paragraph 89. To the extent a response is required, the allegations of paragraph 89 are denied.

90.     Denied.

2019-2020 School Year
Third Grade

9

91.     It is admitted that Defendant R. Johnson became the teacher of a classroom of preschool-aged students at the beginning of the 2019-2020 school year.  Except as otherwise admitted, the allegations of paragraph 91 are denied.

92.     The Board is without sufficient information to admit or deny the allegations of paragraph 92.  To the extent a response is required, the allegations of paragraph 92 are denied.

93.     It is admitted that G.A.'s special education classroom was relocated to the Pressly School at the beginning of the 2019-2020 school year.  Except as otherwise admitted, the allegations of paragraph 93 are denied.

94.     The Board is without sufficient information to admit or deny the allegations of paragraph 94.  To the extent a response is required, the allegations of paragraph 94 are denied.

95.     The Board is without sufficient information to admit or deny the allegations of paragraph 95.  To the extent a response is required, the allegations of paragraph 95 are denied.

96.     The Board is without sufficient information to admit or deny the allegations of paragraph 96.  To the extent a response is required, the allegations of paragraph 96 are denied.

97.     The Board is without sufficient information to admit or deny the allegations of paragraph 97.  To the extent a response is required, the allegations of paragraph 97 are denied.

98.     Denied.

99.     It is admitted that Ryan Feemster, a Children's Hope Alliance therapist who worked with students at the Pressly School, reported concerns about Defendant R. Johnson's conduct to local law enforcement and that following that report, upon information and belief, law enforcement began an investigation.  Except as otherwise admitted, the allegations of paragraph 99 are denied.

100.    Denied.

10

101.    The Board is without sufficient information to admit or deny allegations regarding Plaintiff R.A.'s employment.  These and the other allegations of paragraph 101 are denied.

102.    The Board is without sufficient information to admit or deny the allegations of paragraph 102.  To the extent a response is required, the allegations of paragraph 102 are denied.

103.    Denied.

104.    It is admitted that in October 2019, local media reported that Defendant R. Johnson had been suspended with pay pending an investigation.  Except as otherwise admitted, the allegations of paragraph 104 are denied.

105.    Denied.

106.    Admitted, upon information and belief.

107.    Admitted, upon information and belief.

108.    Denied.

109.    Denied.

110.    Admitted.

2020-2021 School Year<br>Fourth Grade

111.    It is admitted that Defendant R. Johnson remained employed by the Board until November 20, 2020.  Except as otherwise admitted, the allegations of paragraph 111 are denied.

112.    The Board is without sufficient information to admit or deny the allegations of paragraph 112 at this time.  To the extent a response is required, the allegations of paragraph 112 are denied.

113.    It is admitted that Defendant Lesane was employed as the Associate Superintendent of Human Resources until January 1, 2021.  The Board is without sufficient information to admit

11

or deny the remaining allegations of paragraph 113. To the extent a response is required, and except as otherwise expressly admitted, the allegations of paragraph 113 are denied.

114. Denied.

CAUSES OF ACTION AND CLAIMS FOR RELIEF

COUNT I
Discrimination Based on Disability in Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.<br/>(Defendant Board in its official capacity)

115. The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

116. Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 116 are denied.

117. Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 117 are denied.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 118 are denied.

119. Denied.

120. The allegations of paragraph 120 and all sub-parts are denied.

121. Denied.

122. Denied. The Board specifically any allegations of abuse towards G.A. by the Board or its employees.

123. To the extent paragraph 123 states legal conclusions, no response is required. The Board denies these and all other allegations of paragraph 123, including any allegations of abuse towards G.A. by the Board or its employees.

12

124.    To the extent paragraph 124 states legal conclusions, no response is required.  The Board denies these and all other allegations of paragraph 124, including any allegations of abuse towards G.A. by the Board or its employees.

125.    The Board is without sufficient information to admit or deny allegations concerning the report by a parent of an unidentified preschool student.  To the extent paragraph 123 states legal conclusions, no response is required.  The Board denies these and all other allegations of paragraph 125, including any allegations of abuse towards G.A. by the Board or its employees.

126.    The allegations of paragraph 126 and all sub-parts are denied, including any allegations of abuse towards G.A. by the Board or its employees.

127.    The allegations of paragraph 127 and all sub-parts are denied, including any allegations of abuse towards G.A. by the Board or its employees.

128.    Denied.

## COUNT II

Discrimination Based on Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

(Defendant Board in its official capacity)

129.    The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

130.    Paragraph 130 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 130 are denied.

131.    Paragraph 131 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 131 are denied.

132.    Paragraph 132 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 132 are denied.

13

133.    Paragraph 133 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 133 are denied.

134.    Denied.

135.    Denied, including specifically any allegations of abuse towards G.A. by the Board or its employees.

136.    Denied.

COUNT III
Violation of the Fourteenth Amendment
Substantive Due Process
42 U.S.C. § 1983
(Defendant Board, in its official capacity, and Superintendent Johnson, Associate Superintendent
Lesane, Principal Cloer, Principal Mehall, and Ms. R. Johnson, in their individual capacities)

137.    The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

138.    Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 138 are denied.

139.    Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 139 are denied.

140.    Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 140 are denied.

141.    Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 141 are denied.

142.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 142 are denied.

143.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 143 are denied.

144.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 144 are denied.

145.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 145 are denied.

146.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 146 are denied.

147.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 147 are denied.

148.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 148 are denied.

149.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 149 are denied.

150.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 150 are denied.

151.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 151 are denied.

152.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 152 are denied.

153.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 153 are denied.

154.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 154 are denied.

155.     Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 155 are denied.

156. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 156 are denied.

157. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 157 are denied.

158. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 158 are denied.

159. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 159 are denied.

160. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 160 are denied.

161. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 161 are denied.

162. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 162 and all its sub-parts are denied.

163. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 163 are denied.

164. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 164 are denied.

165. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 165 are denied.

166. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 166 are denied.

167. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 167 and all its sub-parts are denied.

168. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 168 are denied.

169. Count III against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 169 are denied.

<u>COUNT IV</u>
Violation of the Fourteen Amendment
Failure to Supervise & Train
42 U.S.C. § 1983

18

(Defendant Board in its official capacity, and Superintendent Johnson, Associate Superintendent Lesane, EC Director McClenahan, and Principal Cloer, Defendant Principal Mehall, in their individual capacities)

170.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 170 are denied.

171.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 171 are denied.

172.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 172 are denied.

173.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 173 are denied.

174.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 174 and all its sub-parts are denied.

175.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 175 and all its sub-parts are denied.

176.    Count IV against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 176 are denied.

COUNT V
Violation of the Fourteen Amendment
Equal Protection
42 U.S.C. § 1983
(Defendant Board in its official capacity)

177.     The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

178.     Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 178 are denied.

179.     Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 179 are denied.

180.     Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 180 and all its sub-parts are denied.

181.     Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 181 are denied.

182.     Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 182 are denied.

183.     Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 183 are denied.

184. Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 184 are denied.

185. Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 185 are denied.

186. Count V against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 186 are denied.

<u>COUNT VI</u>
Violation of the Fourteen Amendment
Conspiracy to Commit Deprivation of Civil Rights
42 U.S.C. § 1983
(Defendant Board in its official capacity, and Superintendent Johnson, Associate Superintendent Lesane, EC Director McClenahan, and Principal Cloer, Defendant Principal Mehall, in their individual capacities)

187. Count VI against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 187 are denied.

188. Count VI against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 188 and all its sub-parts are denied.

189. Count VI against the Board was dismissed by order entered August 5, 2021, and therefore no response is required. To the extent a response is required, the allegations of paragraph 189 are denied.

<u>COUNT VII</u>

21

Negligence
(Defendant Board in its official capacity, and Superintendent Johnson, Associate Superintendent Lesane, EC Director McClenahan, Principal Cloer, and Principal Mehall, and Ms. R. Johnson in their individual capacities)

190.    The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

191.    Paragraph 191 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 191 are denied.

192.    Paragraph 192 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 192 and all its sub-parts are denied.

193.    Paragraph 193 states legal conclusions and does not allege wrong-doing by the Board and, as such, no response is required.  To the extent a response is required, the allegations of paragraph 193 are denied.

194.    Paragraph 194 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 194 are denied.

195.    Paragraph 195 states legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 195 are denied.

COUNT VIII
Negligent Infliction of Emotional Distress
(Superintendent Johnson, Associate Superintendent Lesane, EC Director McClenahan, Principal Cloer, Principal Mehall, and Ms. R. Johnson in their individual capacities)

196.    The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

197.    The allegations of Count VIII are not asserted against the Board and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 197 are denied.

22

198. The allegations of Count VIII are not asserted against the Board and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 198 and all of its sub-parts are denied.

199. The allegations of Count VIII are not asserted against the Board and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 199 are denied.

200. The allegations of Count VIII are not asserted against the Board and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 200 are denied.

201. The allegations of Count VIII are not asserted against the Board and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 201 and all of its sub-parts are denied.

202. The allegations of Count VIII are not asserted against the Board and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 202 are denied.

203. The allegations of Count VIII are not asserted against the Board and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 203 are denied.

COUNT IX
False Imprisonment
(Defendant R. Johnson in her individually named capacity)

204. The Board's responses to all the foregoing allegations are incorporated herein as if fully set forth.

205.     The allegations of Count IX are not asserted against the Board and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 205 are denied.

206.     The allegations of Count VIII are not asserted against the Board and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 206 are denied.

207.     The allegations of Count VIII are not asserted against the Board and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 207 are denied.

208.     The allegations of Count VIII are not asserted against the Board and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 208 are denied.

Each and every other allegation contained in the Amended Complaint not specifically admitted, including in the Conclusion and Jury Demand, is denied.

## SECOND DEFENSE

The Board pleads the defenses available to it under the provisions of N.C. Gen. Stat. Ch. 115C in bar of the claims against it.

## THIRD DEFENSE

As a further defense and without waiving any other defenses, the Board asserts that its actions were free from discrimination and that the actions it took were in good faith, legitimate, and non-discriminatory.

## FOURTH DEFENSE

As a further defense and without waiving any other defense, the Board pleads any and all applicable immunities to which it may be entitled, including but not limited to, sovereign immunity, governmental immunity, public official immunity, and/or qualified immunity, in bar of Plaintiffs' claims.

## FIFTH DEFENSE

As a further defense and without waiving any other defense, the Board asserts that the Court lacks jurisdiction over all claims for injunctive, equitable, and declaratory relief as Plaintiffs have not adequately pled a real and immediate threat of future harm.

## SIXTH DEFENSE

As a further defense and without waiving any other defense, the Board asserts that Plaintiffs' claims are barred because the Board has committed no act or omission with intent to cause harm to Plaintiffs.

## SEVENTH DEFENSE

As a further defense and without waiving any other defense, the Board asserts that Plaintiffs' claims are barred as a result of Plaintiffs' failure to mitigate their damages.

## EIGHTH DEFENSE

As a further defense, and without waiving additional defenses, the Board pleads all applicable statutes of limitation as a bar to one or more of Plaintiffs' claims.

## NINTH DEFENSE

As a further defense and without waiving any other defenses, the Board's alleged conduct was not the "cause-in-fact" of any harm allegedly suffered by Plaintiffs.

25

**TENTH DEFENSE**

As a further defense and without waiving any other defenses, the Board's alleged conduct did not proximately cause Plaintiffs any harm.

**ELEVENTH DEFENSE**

As a further defense and without waiving any other defenses, there were no acts committed by the Board for which the harm as alleged by Plaintiffs was foreseeable, and therefore, the claims against the Board should be dismissed.

**TWELFTH DEFENSE**

As a further defense and without waiving any other defense, any claims for punitive damages by Plaintiffs against the Board are barred by N.C. Gen. Stat. § 1D-1, et seq.

The Board reserves the right to amend its Answer and to assert any additional defenses as the claims of Plaintiffs are more fully disclosed and additional evidence is discovered during the course of this litigation.

WHEREFORE, having answered each and every allegation contained in the Amended Complaint, the Board prays the Court as follows:

1.     That Plaintiffs have and recover nothing of the Board, and that the claims be dismissed with prejudice;

2.     That the costs of this action be taxed against Plaintiffs;

3.     That Plaintiffs' prayer for relief be denied in its entirety;

4.     That the Board has and recovers its attorneys' fees as may be recoverable under applicable law; and

5.     That the Board has and recovers such other and further relief as the Court may deem just and proper.

This the 19th day of August 2021.

Respectfully submitted,

/s/ Lindsay Vance Smith
THARRINGTON SMITH, L.L.P.
Lindsay Vance Smith
N.C. State Bar No. 48085
150 Fayetteville Street, Suite 1800
Post Office Box 1151
Raleigh, North Carolina   27602-1151
Telephone:  (919) 821-4711
Fax:  (919) 829-1583
E-mail:  lsmith@tharringtonsmith.com
*Attorney for Iredell-Statesville Schools Board of Education*

27

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing **IREDELL-STATESVILL SCHOOLS BOARD OF EDUCATION'S ANSWER TO AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such to the following:

Stacey Gahagan
3326 Durham Chapel Hill Blvd, #210-C
Durham, NC 27707
sgahagan@ncgplaw.com
*Attorney for Plaintiff*

Gary S. Parsons
Sarah M. Saint
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
SSaint@brookspierce.com
GParsons@brookepierce.com
*Attorneys for Defendant Brady Johnson*

Stuart L. Brooks
210 South Cherry Street
Winston-Salem, NC 27101
sbrooks@ftwcb.com
*Attorneys for Defendant Robin Johnson*

Virginia M. Wooten
2907 Providence Rd., #300
Charlotte, NC 28211
vwooten@cshlaw.com
*Attorneys for Defendants Alisha Cloer,*
*Andrew Mehall, Rhonda McClenahan, and*
*Alvera Lesane*

This the 19th day of August  2021.

THARRINGTON SMITH, L.L.P.

/s/ Lindsay Vance Smith

28