**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 5:20-CV-192-KDB-DSC**

| | |
|---|---|
| **C.G.A., by and through his parent and guardian, R.A., and R.A. individually,** )<br>)<br>) | |
| **Plaintiffs,** )<br>) | |
| v. )<br>) | **STIPULATED CONSENT PROTECTIVE ORDER** |
| **IREDELL-STATESVILLE SCHOOL DISTRICT BOARD OF EDUCATION et al.,** )<br>)<br>)<br>) | |
| **Defendants.** )<br>) | |

Plaintiffs and Defendants, pursuant to the Federal Rules of Civil Procedure 26(b) and 26(c), anticipating the potential disclosure of personnel records and information, student records and information, and medical, psychological, and/or financial information in initial disclosures and in response to discovery requests, and recognizing that the private and confidential nature of such documents and information must be safeguarded pursuant to N.C. Gen. Stat. §§ 115C-209.1, 115C-319, 115C-320, 115C-321, 115C-325, 115C-402, 132-1.4, and the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1412 and 1417(a), and related regulations.

IT IS THEREFORE ORDERED:

1. That all documents and information relating to current or former students enrolled in the Iredell-Statesville Schools which are provided by the Iredell-Statesville Board of Education or its agents, attorneys, or employees to any party as part of discovery in the above-captioned case shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree

that any particular document or item of information is expressly designated as non-confidential. The Board shall comply with the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g), and its implementing regulations, which require reasonable efforts to provide notice to parents or eligible students so that the parent or eligible student may seek protective action prior to such production.

2. That all records and information which are maintained by law or policy in the personnel files of current or former employees of the Iredell-Statesville Board of Education which are provided to any party in the above-captioned case shall be covered by the terms of this Protective Order. Such documents and information shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential. Confidential documents shall not include documents obtained by the parties under the North Carolina Public Records Act, N.C. Gen. Stat. Chapter 132.

3. That all documents and information relating to plaintiffs' medical, psychological, and/or financial records which are provided to any party in the above-captioned case shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential.

4. That all documents and information relating to the criminal investigation of the Iredell County District Court case 19CR55426, which are provided to any party in the above-captioned case shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action by any party unless the parties or attorneys

mutually agree that any particular document or item of information is expressly designated as non-confidential.

5. That any party which provides documents subject to this Protective Order shall label said documents: "Confidential - Subject to Protective Order." Each party retains the right to challenge the confidential designation of any particular document and to have the Court determine its proper designation.

6. Any motion, memorandum, document, or other paper filed with this Court is presumptively a public document. Parties seeking to file or maintain under seal any documents labeled "Confidential" in accordance with the provisions of this Protective Order shall comply with the provisions of Local Civil Rule 6.1 and the Administrative Procedures Governing Filing and Service by Electronic Means.

7. Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential, as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 8.

8. Except as provided in paragraph 9, access to or use of protected information or any confidential documents, or any part thereof, as well as matters contained therein, shall be limited to:

    a. The Court;

    b. The parties;

c. The attorneys of record for the parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

d. Court-appointed mediators or any mediator agreed to by all parties;

e. Consultants and experts involved in the preparation of the trial of this action;

f. Court reporters, their transcribers, assistants, and employees;

g. Any deponent or trial witness to the extent that it is necessary to tender to such witness a confidential document in order to elicit testimony relevant to the matters at issue in this case;

h. Members of the jury to the extent that it is necessary for the jury to inspect a confidential document;

i. Law enforcement or postal employees to the extent necessary to serve a subpoena; and

j. To any law enforcement agency in response to a lawful subpoena or court order. Any party, upon service of a subpoena seeking disclosure of any information or documents subject to this Protective Order, shall promptly notify all other parties.

9. Absent a court order authorizing disclosure, no one subject to this Protective Order shall make public or disclose protected information or confidential documents to anyone other than the persons listed in paragraph 8, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open court or at depositions. The terms of this Protective Order shall apply to all persons listed in

paragraph 8, and counsel who grant any such person access to protected information or confidential documents shall have an affirmative duty to furnish the person with a copy of this Protective Order. Individuals permitted access to protected information or confidential documents are hereby ordered not to convey or otherwise reveal said information or documents — whether originals or copies, in whole or in part — to anyone who would not otherwise have access to them under this Protective Order.

10. It is specifically agreed that making confidential materials or documents available for inspection, and the production of confidential information, materials or documents, shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials or documents shall not be considered as an acknowledgment that the information, materials or documents may be admissible into evidence at the trial of this action, nor constitute a waiver of any objection that a party may have to the admissibility of information, documents, or materials.

11. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

12. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court

13. At the conclusion of this litigation, ultimate disposition of protected materials shall be subject to a final order of the Court.

14. Each party shall be responsible for its own mailing costs with regard to the return of the documents provided pursuant to this agreement, or costs of destruction.

**SO ORDERED**.  Signed: October 28, 2022

David S. Cayer
United States Magistrate Judge

AGREED TO:

GAHAGAN PARADIS, PLLC

/s/Stacey M. Gahagan
*Attorney for Plaintiff*

THARRINGTON SMITH, L.L.P.
/s/ Lindsay Vance Smith
*Attorney for Defendant Iredell-Statesville Board of Education*

BELL, DAVIS & PITT
/s/ Stuart L. Brooks
*Attorney for Defendant Robin Johnson*