IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00192-KDB-SCR

| | |
|---|---|
| C.G.A., BY AND THROUGH HIS PARENT AND GUARDIAN, R.A. AND R.A. INDIVIDUALLY, <br><br> Plaintiffs, <br><br> v. <br><br> IREDELL-STATESVILLE SCHOOL DISTRICT BOARD OF EDUCATION, ET. AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Brady Johnson, Rhonda McClenahan, Alisha Cloer, and Alvera Lesane (collectively, the "School Officials") Motion to Strike or in the Alternative Dismiss Plaintiffs' Second Amended Complaint. Doc. No. 96. The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods*

1

*Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019*). DFA Dairy Brands, LLC v. Primus Builders, Inc.*, No. 521CV00026KDBDSC, 2021 WL 4233899, at *2 (W.D.N.C. Sept. 16, 2021).

Under Rule 12(f), a court may, in the exercise of its discretion, strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). If a plaintiff files an amended pleading without securing leave to amend, a court may strike the amended pleading. *See Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc.*, No. 5:13-CV-315-BO, 2014 WL 715420, at *1 (E.D.N.C. Feb. 24, 2014); *Green v. Brock & Scott, PLLC*, No. 3:19-CV-00075-KDB, 2020 WL 3404740, at *2 (W.D.N.C. June 19, 2020), on reconsideration, No. 3:19-CV-00075-KDB, 2020 WL 5633060 (W.D.N.C. Sept. 21, 2020). However, "[s]triking a pleading is a drastic remedy." *E.E.O.C. v. Bo-Cherry, Inc.*, No. 3:13-CV-00210-MOC, 2013 WL 2317724, at *1 (W.D.N.C. May 28, 2013) (citing *Augustus v. Bd. of Pub. Inst. of Excambia Cnty., Florida, et al,* 306 F.2d 862, 868 (5th Cir. 1962)). "A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." *Id.* (internal citations omitted).

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[A] dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). "In reviewing such a dismissal, [the court] must ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice

2

caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. *Chandler*, 669 F.2d at 920 (citing *Davis*, 588 F.2d at 70 and *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)). "Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal." *Reizakis*, 490 F.2d at 1135.

## II. FACTS AND PROCEDURAL HISTORY

In this action, Plaintiffs assert numerous federal and North Carolina state law claims related to the physical, verbal and emotional abuse of Plaintiff G.A by G.A.'s teacher Defendant R. Johnson. At the time of the alleged abuse, G.A. was an autistic first, second and third grade student with an additional communication disability. Plaintiffs filed their First Amended Complaint on February 2, 2021. Doc. No. 3. Defendants Iredell-Statesville School District Board of Education ("Board"), the School Officials and other Defendants filed Motions to Dismiss. On August 5, 2021, this Court adopted the recommendations of the Honorable Judge David S. Cayer on Defendants' Motions to Dismiss, granting and denying in part Defendants' motions. Doc. No. 56.

The School Officials defendants appealed this Court's decision to the Fourth Circuit on the grounds of public official immunity. Doc. Nos. 59, 63. On June 7, 2022, the Fourth Circuit found that they had public official immunity on the negligence claims as plead and reversed this Court's decision. However, in a concurring opinion Judge Motz opined that on remand this Court "should consider rendering the dismissal of these negligence claims as without prejudice to allow R.A. a chance to amend her complaint to allege that an exception applies." *R.A. v. Johnson*, 36 F.4th 537, 547 n. 1 (4th Cir. 2022). When the case returned to this Court, the parties neither sought dismissal of the School Officials nor immediately to amend the Complaint.

The Court issued a Pretrial Order and Case Management Plan on September 14, 2022, with a deadline to file an "Amendment of the Pleadings" by February 14, 2023. Doc. No. 76 at 1. On that date, Plaintiffs submitted a Motion for Leave to Amend, together with a proposed Second Amended Complaint ("SAC"). *See* Doc. No. 82, 82-1. Plaintiffs informed this Court they were "not seeking to add any new causes of action. Rather, Plaintiffs seek to clarify allegations and add details about the claims for relief sought in this action based on newly discovered evidence." Doc. No. 83 at 3. In the proposed SAC, the School Officials were again named as Defendants and they filed responses opposing the requested amendment. *See* Doc. Nos. 84-86. On March 20, 2023, Magistrate Judge David S. Cayer issued an order granting Plaintiffs' motion "[f]or the reasons stated in Plaintiffs' briefs" and ordered Plaintiffs to "file their Second Amended Complaint within five days of this Order." Plaintiffs timely filed a SAC on March 24, 2023. Doc. No. 94.

In their pending motion, the School Officials ask the Court to strike the filed SAC pursuant to Federal Rules of Civil Procedure 12(f)(2), 15(a)(2) and 16(f) and to dismiss Plaintiffs' claims against the Individual Defendants pursuant to Rule 41(b).

### III. DISCUSSION

While the School Officials have moved to strike the SAC and dismiss the claims against them under numerous rules (i.e. rules 12(f)(2), 15(a)(2), 16(f) and Rule 41(b)), the crux of their argument is a single allegation; that is, Plaintiffs' SAC is not exactly the same as the proposed "SAC" attached to their motion seeking leave to file a SAC. Rather, according to the School Officials, the filed SAC includes additional factual allegations (but no new causes of action) so it "violates" the Court's order allowing Plaintiffs to file "their SAC" and should be stricken, with no opportunity for further repleading or any other remedy short of dismissal. In response, Plaintiffs

4

assert that the filed SAC does not differ "significantly or materially" from the proposed SAC and the School Officials will not be prejudiced by having to respond to the "different" SAC. *See* Doc. No. 103 at 5-8.

The Court will not belabor its analysis of this motion, which emphasizes procedural virtue at the expense of the search for substantive merit. While the Court accepts that the motion was filed in good faith, the striking of pleadings, disallowance of amendments and dismissal of claims and parties remains clearly disfavored. Having reviewed the changes Plaintiff made to the filed SAC, the Court finds that none of the additions or other modifications are so substantial or material that the Court would have reached a different conclusion on the request to file a SAC. Further, the School Officials have not established how they will be unfairly prejudiced if the Court allows the SAC to stand. In sum, stridency of argument does not render molehills into mountains, and while rules of procedure are important and must be followed, an overly rigid application of them ought not override the Court's strong preference that disputes be decided on their merits. Therefore, the School Officials' motion will be denied.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants Brady Johnson, Rhonda McClenahan, Alisha Cloer, and Alvera Lesane's Motion to Strike or in the Alternative Dismiss Plaintiffs' Second Amended Complaint, Doc. No. 96, is **DENIED;** and

2. This case shall proceed to a ruling on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 24, 2023

Kenneth D. Bell
United States District Judge